IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GARY DAMON WORTHEY | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-63-WKW |
| | | (WO) |
| BUTLER COUNTY JAIL, *et al.*, | * | |
| Defendants. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action on January 22, 2007. He complains that he received inadequate medical care during his incarceration in the Butler County Jail located in Greenville, Alabama. Plaintiff names as a defendant the Butler County Jail. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Butler County Jail prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

The Butler County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant should be dismissed. *Id.*

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Butler County Jail be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Butler County Jail be DISMISSED as a party to this complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 26, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 12th day of February 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE