IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GARRY DAMON WORTHEY, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 2:07-CV-63-WKW |
| | * | |
| DIANNE HARRIS, SHERIFF, et al., | * | |
| Defendents. | * | |

STATE OF ALABAMA
COUNTY OF Escambia

RECEIVED
2007 MAY 16 A 10:08

## AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared Garry Damon Worthey, who being known to me, and after first being duly sworn, deposes and says under oath as follows:

My name is Garry Damon Worthey, and I am 34 years Of age and competent to testify to the statements made herein that ...

I Garry D. Worthey did follow all procedures in filing grievences.

Response to failing to Exhaust Administrative Remedies

1. After the altercation, when Sheriff Dianne Harris and Captian Albert McKee came to question me about the altercation. I stated verbally that I needed medical attention about my hand. Which they ignored.

2. I sent many request forms to both Mr. McKee and Mrs. Harris, the majority of the request never came back to me and never got answered.

3. Mr. McKee came to me one morning and said that they were not going to send me to a doctor for a wound I inflicted on myself during a fight. (The United States Supreme Court has ruled that the government must provide medical care for those whom it punishes by incarceration.) "Deliberate indifference" by prison personnel to an inmate's serious illness or injury constitutes cruel and unusual punishment under the Eighth Amenment. And whether indifference consists of prison doctors in their response to prisoners' needs or guards in "Denying or Delaying" access to

PAGE 1 OF 3

*Signature of Affiant*

treatment, the inmates constitutional rights are violated.

4. Section 1983 suits do not require exhaustion of state remedies. (Monroe v. Pape, 365 U.S. 167, 81 Ct. 473, 5 L. Ed. 2d 492 and Patsy v. Bd. of Regents of State of Fla., 457 U.S. 496, 102 S. Ct. 2557, 73 L. Ed.

5. (Also see requests already filed as exhibits in court file for Plaintiff.)

### Response to Lack of Medical Attention

1. From the time of the altercation to the day Mr. McKee finally sent me to a clinic. Dr. Smith of the Stabler Clinic stated, not much could be done at the clinic to fix my hand, cause I should have came sooner. The doctor took a x-ray and told me that I could possibly have a hairline fracture that the x-ray could not pick-up. Dr. Smith told the jail and myself, that I was to come back in 1 week if there was no change in my hand and swelling still there. Weeks went by and I'm still complaining about my hand to Mr. McKee, the nurse, and Mrs. Harris. Even after a reminder from the Nurse, Mr. McKee didn't send me to the doctor any sooner. (see inmate request form from Defendents' exhibit "E" dated 7-20-06 and 7-30-06)

2. Even after the Nurse at jail constantly reminds the jail about the condition of my hand, that it still hasn't healed and is still swollen after a month. I still get no immediate attention. (see inmate request form from Defendents' exhibit "E" dated 8-11-06)

3. Dr. Smith told jail, I needed to see a specialist and have a MRI. Dr. Smith stated the MRI could determine more on condition of hand.

4. Mr. McKee stated, he had a meeting with Sheriff Dianne Harris about my hand. He said they were not going to pay for me to see a specialist.

Garry D. Worthey
**Name of Affiant (print clearly)**

_Garry D. Worthey_
*Affiant's Signature*

(see request forms already in Plaintiff's file.)

5. MRI stated that there was a problem with hand & reffered me to a Dr. McGodwin. Which Defendents' failed to add an MRI report. (see Plaintiff's court file pg.2 of MRI report.)

6. Prison official may not overrule a doctor's medical judgement concerning a prisoners treatment. (Martinez v. Mancusi, 443 F. 2d 421 (2d Cir.) and Tolbert v. Eyman, 434 F. 2d 625 (9th Cir.)

7. Mr. McKee stated to me verbally, that the sooner I get sentenced that he would get me out of his jail. (Aug. 30th found guilty, Sept 2nd sentenced Sept. 15th transferred to D.O.C.) Inmates in jail waiting for D.O.C. 60-90 days.)

Response to Defendents' Qualitied immunity

The Defendents' should be held liable for damages, because they "knew or should have known" they were violating the Plaintiff's rights. Rights of which a reasonable person would have known at the times these acts were committed. Persons occupying public positions are expected to have knowledge of basic constitutional rights. Therefore, this Act should not be taken serious by the court as a "Defense".

Darry D. Worthey
**Name of Affiant (print clearly)**

Darry Damon Worthey
*Affiant's Signature*

Sworn to and subscribed before me a Notary Public in and for the said State of Alabama and County at large on this the 14 day of May, 2007.

My Commission Expires on: 1/12/2011.

NOTARY PUBLIC

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing attached Document(s) on the Respondent / Defendant by placing a copy of the same in The United States mail properly stamped and addressed to the following on this the __14__ day of __May__, 200_7_.

```
Webb & Eley, P.C.                Office of the Clerk
7475 Halcyon Pointe Dr.          United States District Court
P.O. Box 240909                        P.O. Box 711
Montgomery, AL 36124             Montgomery, AL 36101-
                                 0711
```

_____
PETITIONER

CC: FILED

Garry Damon Worthey # 248464
Fountain Correctional Facility
Fountain 3800
Atmore, AL 36503

LEGAL

OFFICE OF THE CLERK
United States District court
P.O. Box 711
MONTGOMERY, ALABAMA 36101-0711

36101+0711

MOBILE AL 366
15 MAY 2007 PM 2 L