**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **GARRY DAMON WORTHEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | )     **CIVIL ACTION NO.  2:07-cv-63-WKW** |
| | ) |
| **DIANE HARRIS, SHERIFF, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' REPLY TO THE PLAINTIFF'S
RESPONSE TO THEIR SPECIAL REPORT**

COME NOW, Defendants in the above-styled cause, and submit their Reply to the Plaintiff's affidavit submitted in response to their Special Report to the Court.

**I.     PLAINTIFF HAS FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES.**

Plaintiff has failed to present evidence establishing that he exhausted administrative remedies available to him at the Butler County Jail.   Sheriff Harris has never received a grievance or request form from the Plaintiff concerning any of the allegations made the basis of his Complaint.   Per Butler County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to the Sheriff or Capt McKee if he were not satisfied with the response at the lower levels in the chain of command.   The Plaintiff has not appealed any grievance to Sheriff Harris or Capt. McKee.   Accordingly, the Plaintiff's Complaint is due to be dismissed for failure to exhaust his administrative remedies at the Butler County Jail.

**II.     PLAINTIFF'S CLAIMS FAIL ON THEIR MERITS.**

As set forth in the Defendants' Special Report, the Defendants are entitled to summary

judgment on all Plaintiff's claims because the Plaintiff has failed to establish a constitutional violation and because he cannot show that there existed any clearly established law that would give the Defendants fair warning that their conduct was unlawful.

In his affidavit, Plaintiff continues to maintain that he was denied adequate medical care during his incarceration. However, Plaintiff submits no affidavits of other evidence supporting this claim. The evidence is clear that during his incarceration at the Butler County Jail Plaintiff was examined by and treated by medical professionals at least seven times between the time of the altercation with another inmate and his release to DOC custody. Examinations of Plaintiff's hand showed that it was not broken, fractured or dislocated. Plaintiff has submitted no evidence establishing that treatment of his finger by a medical specialist was an emergency or necessary course of treatment. Further, Plaintiff has submitted no evidence establishing that Defendants were deliberately indifferent to his medical needs or that the injury to his finger amounted to a serious medical need. See Flanagan v. Burgos, 2005 WL 3358886 *3 (S.D. Ga. 2005) (finding prison officials not deliberately indifferent where doctors recommended knee replacement surgery but inmate failed to prove that "recommendations were mandatory or essential to his care."); Green v. Manning, 692 F. Supp. 1283 (S.D. Ala. 1987) (dismissing inmate's claim of deliberate indifference where recommended surgical procedure was elective and not emergency in nature); Buckley v. Correctional Medical Services, Inc., 125 Fed. App'x 98 (8th Cir. 2005) (Inmate failed to establish that twenty-month delay in scheduling elbow surgery after it was recommended was deliberate indifference as surgery was elective and not medical emergency and delay in surgery was not detrimental to inmate).

As set forth in the Defendants' Special Report, the Defendants are not required to – and should not - second-guess the judgment of a medical doctor or dentist. Furthermore, where a

2

prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown.  Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).  Because it is undisputed that the Plaintiff was treated for all his medical problems, the Plaintiff has failed to show deliberate indifference on the part of the Defendants.

Because the Plaintiff has not met his burden in overcoming the Defendants' qualified immunity defense or showing that he met the requirements of the Prison Litigation Reform Act, as set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment in their favor.

Respectfully submitted on this the 3rd day of July, 2007.

s/**Ashley Hawkins Freeman**
KENDRICK E. WEBB – No. WEB022
ASHLEY HAWKINS FREEMAN – No. FRE044
Attorney for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  afreeman@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 3rd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed a copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Garry Damon Worthey
AIS 248464
Fountain Correctional Facility
Fountain 3800
Atmore, AL 36503

s/**Ashley Hawkins Freeman**
OF COUNSEL

3